**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| AMELIA RODRIGUEZ LEDEZMA, | No. 14-73531 |
| Petitioner, | Agency No. A090-034-284 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 14, 2016[**]

Before:     WALLACE, LEAVY, and FISHER, Circuit Judges.

Amelia Rodriguez Ledezma, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") order denying her motion to

reopen. We have jurisdiction under 8 U.S.C. § 1252. We review de novo

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

constitutional claims and questions of law. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny the petition for review.

We generally lack jurisdiction to review the BIA's discretionary decision not to reopen proceedings sua sponte, but retain limited jurisdiction to review for legal or constitutional error. *Mejia-Hernandez v. Holder*, 633 F.3d 818, 823-24 (9th Cir. 2011); *Bonilla v. Lynch*, 840 F.3d 575, 588 (9th Cir. 2016). Rodriguez Ledezma's due process claims fail, where she concedes she was not statutorily eligible for a waiver of inadmissibility under 8 U.S.C. § 1182(c) at the time of her deportation proceedings, and the immigration judge ("IJ") had no duty to inform her about forms of relief for which she was not eligible. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and prejudice to prevail on a due process claim); *U.S. v. Lopez-Velasquez*, 629 F.3d 894, 901 (9th Cir. 2010) (en banc) ("[A]n IJ's duty is limited to informing an alien of a reasonable possibility that the alien is eligible for relief at the time of the hearing.").

Rodriguez Ledezma's claim that the BIA failed to address issues in the denial of her motion to reopen is not supported by the record. *See Najmabadi v. Holder*, 597 F.3d 983, 990-91 (9th Cir. 2010) (holding the BIA adequately considered evidence and sufficiently announced its decision).

**PETITION FOR REVIEW DENIED.**